UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAWN HENDERSON,

                                Plaintiff,

                                                                     5:12-CV-0708
v.                                                                  (GTS/ATB)

CLOVER FIELD,

                                Defendant.
_____

APPEARANCES:

SHAWN HENDERSON, No. 935411
  Plaintiff, *Pro Se*
Pendleton Correctional Facility
4490 W. Reformatory Road
Pendleton, Indiana 46064

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Shawn Henderson ("Plaintiff"), is the Report-Recommendation of United States Magistrate Judge Andrew T. Baxter recommending that Plaintiff's Complaint be *sua sponte* dismissed for frivolousness pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1). For the reasons set forth below, Magistrate Judge Baxter's Report-Recommendation is accepted and adopted in its entirety.

### I.    RELEVANT BACKGROUND

Because Plaintiff's Complaint in this action is identical to the one filed more than four years ago in the case of *Henderson v. Clover Field*, 08-CV-0504, the Court will not describe that Complaint in this Decision and Order, but will merely refer the reader to the description of that

Complaint contained in the decision of *Henderson v. Clover Field*, 08-CV-0504, 2008 WL 2405705, at *2 (N.D.N.Y. June 11, 2008) (Report-Recommendation of Lowe, M.J., adopted by McCurn, J.). The Court would add only that, as United States Magistrate Judge George H. Lowe correctly noted in that prior decision, Plaintiff appears, in his Complaint, to be suing a *fantasy movie*–a practice in which he has engaged in the past. *Henderson*, 2008 WL 2405705, at *3.

Generally, in his Report-Recommendation, Magistrate Judge Baxter bases his recommendation of dismissal on the fact that, because no difference exists between Plaintiff's prior Complaint and his current Complaint, the current Complaint should be dismissed for the same reasons given by Magistrate Judge Lowe. (Dkt. No. 4, at 2.)

Following the Report-Recommendation, Plaintiff filed thirteen "Notices" with the Court, containing nonsensical handwritten edits to various documents served on him by the Court (as well as other documents), and demanding payment of 666 billion Eurodollars. (Dkt. Nos. 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18.)

## II.     STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1]

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[3]  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[4] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely

subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.*[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.   ANALYSIS

Even when construed with the utmost of special liberality, the thirteen "Notices" filed by Plaintiff after the issuance of Magistrate Judge Baxter's Report-Recommendation do not specifically challenge the Report-Recommendation sufficient to transform the "Notices" into objections to the Report-Recommendation.  Because Plaintiff did not submit an objection to the Report-Recommendation, the Court reviews the Report-Recommendation only for clear error, as described above in Part II of this Decision and Order.

After carefully reviewing the relevant filings in this action, the Court can find no clear error in the Report-Recommendation.  Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  (Dkt. No. 4.)  As a

---

constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5]   *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

result, Magistrate Judge Baxter's Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. (*Id.*)

The Court adds three brief points. First, even if Plaintiff's thirteen "Notices" could somehow be construed as constituting objections to the Report-Recommendation, Magistrate Judge Baxter's thorough and correct Report-Recommendation would survive even a *de novo* review.

Second, in the alternative, the Court bases its acceptance of Magistrate Judge Baxter's Report-Recommendation on the doctrines of res judicata and collateral estoppel, given that Plaintiff's prior Complaint was dismissed with prejudice. *Henderson*, 2008 WL 2405705, at *1.

Third, while Plaintiff has filed only two actions in this District thus far, those actions have been patently frivolous and abusive. Furthermore, from the federal judiciary's Public Access to Court Electronic Records Service, it is clear that Plaintiff (a/k/a "Shawndell Henderson") has filed approximately 15 other such baseless, if not frivolous, *pro se* civil rights actions in federal court across the country–one of which as recently as four months ago. Finally, the barrage of "Notices" and demands for payment that Plaintiff has recently submitted to this Court in this case has convinced this Court that Plaintiff's incorrigibly abusive filings in this case will continue once he receives this Decision and Order. For all of these reasons, the Court finds it necessary to direct Plaintiff to <u>show cause, within thirty days of the date of this Decision and Order, as to why he should not be barred from filing any future *pro se* submissions in this case without prior leave of the Court, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to manage its docket so as to prevent abuse in its proceedings</u>.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is *sua sponte* **DISMISSED** **with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that Plaintiff is directed to **SHOW CAUSE**, within **THIRTY (30) DAYS** of the date of this Decision and Order, as to why he should not be barred from filing any future *pro se* submissions in this case without prior leave of the Court, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to manage its docket so as to prevent abuse in its proceedings.

Dated: September 12, 2012
      Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
U.S. District Judge